IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISON

| | |
|---|---|
| SHARON JOHNSON, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action _____ |
| § | Jury Demanded |
| THE COLONADES AT § | |
| REFLECTION BAY, INC. § | |
| § | |
| Defendant, | |

**ORIGINAL COMPLAINT**

Plaintiff, Sharon Johnson ("Mrs. Johnson"), in the above styled and numbered cause, and files this, her Original Complaint, complaining of The Colonnades at Reflection Bay, d/b/a., distribution business as, (hereinafter referred to as " Colonnades"), and for cause of action would show as follows:

**I.**

**JURISDICTION AND VENUE**

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§1331 because Plaintiff's claims arise under federal law, Title VII of the Civil Rights Act of 1964 as amended and the American With Disability Act as Amended, The Rehabilitation Act and 42 U.SC. §1981 and §1983.

1

3. Venue is proper in the Southern District of Texas Pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

4. Plaintiff has exhausted all necessary administrative remedies prior to instituting this litigation against Defendant, to extent if any are required.

## II.

## PARTIES

5. The Plaintiff, Mrs. Sharon Johnson is an individual who resides in Brazoria County, Texas.

6. Defendant, Colonnades at Reflection Bay is a corporation that may be served by serving a summon through its registered agent or officer.

7. Plaintiff is the former employer of Defendant having 500 or more employees.

## III.

## CONDITIONS PRECEDENT

8. More than 180 days prior to the institution of this lawsuit, Plaintiffs filed a charge with the U.S. Equal Employment Opportunity Commission alleging violations of Title VII of the Civil Rights Act of 1964, as amended. A notice of the right to sue has been requested from the EEOC. All conditions precedent to the institution of this lawsuit has been fulfilled.  This suit is

filed within 90 days after the date a notice of the right to suit was issued.

## IV.

## **FACTS**

9. Sharon Johnson was employed with the Colonnades at Reflection Bay since October 13, 2013. She was a Medical Records Manager. Mrs. Johnson was considered a good and positive employee and had no disciplinary write-up in her personnel file. A dedicated worker, Sharon Johnson routinely reported to work hours before her reporting time.

10. In March 2016, Rose Madison became the Executive Director of the facility at Colonnades at Reflection Bay. Since that time, Ms. Johnson was subjected to constant harassment and intimidation. Her management style has been to speak to employees in a negative and harsh manner and repeatedly make racially derogatory comments.

11. Ms. Madison harassed Sharon Johnson and subjected her to a hostile working environment at the behest of Robin Underhill, Caucasian supervisor. Ms. Madison overly scrutinized Mrs. Johnson's work to the extent that it has caused Johnson severe anxiety and apprehension. Johnson was constantly worried that she would verbally attack her or threatened to fire her. Johnson reported these concerns including the racist comments to the Darren Speed from Corporate and she was assured that her issues of

discrimination would be investigated. However, no real investigation was conducted and no action taken to resolve the issues with Ms. Madison's aggressive and hostile management style. Instead management merely repeated Johnson's concerns to Madison, the source of the problem and she retaliated against Johnson by singling her out, accusing her of having an attitude issue, losing medical records and wrote Johnson up on issue such as insubordination when Johnson was not insubordinate.

12. After Mrs. Johnson returned from an approved sick leave, Ms. Madison gave Johnson a written warning. Madison accused Mrs. Johnson of violating HIPPA regulations and for being insubordinate. (None of these accusations were true,) She told Mrs. Johnson that she was aware that Mrs. Johnson did not "like" management and that she had complained about her, but she was here to stay. Ms. Madison has said publicly in meetings, " that if we did not like her rules, she would accept our resignations and you can call the 1800 compliance number and they will do nothing about, because I was sent here by corporate to clean house". This situation has severely affected Mrs. Johnson physical and emotional well being causing her to seek psychiatric counseling and medications to deal with the anxiety and a social worker.

13.   On August 11, 2016, Sharon Johnson was asked if she could return back to work by August 16, 2016. Mrs. Johnson responded that she will let management know by the 15th of August 2016. Before, allowing Ms. Johnson a chance to provide a response within the deadline Colonnades set, Mrs. Johnson was notified by the Colonnades that she was terminated for not returning back to work. Mrs. Johnson was terminated due to engaging in legally protected activity.

14.   Sharon Johnson has been discriminated against because of her disability, Rheumatoid Arthritis and mental stress under the American's With Disability Act as Amended and because of her race, black, in violation of Title VII of the Civil Rights Act of 1964, as amended and in retaliating against her for complaining of discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C§ 1981 and §1983.

## V.
## RACE DISCRIMINATION

15.   Defendant has violated applicable provisions of 42 U.S.C. §§ 1981 and 1983, Title VII of the Civil Rights Act of 1964, as amended by: i) terminating Plaintiff, who is in a protected class where she could not be discriminated against based upon her race, black.

16. As the direct and proximate result of such discriminatory treatment, Plaintiff has suffered economic damage in the form of lost earnings and benefits which exceed the minimum jurisdictional limits of this Court, for which she sues to recover of and from Defendant, together with pre-judgment and post-judgment interest at the maximum rate allowed by law.

17. Further, Plaintiff sues Defendant to recover her reasonable and necessary attorneys' fees and expenses incurred in prosecuting this matter in the trial court and any and all appeals therefrom. Colonnades at Reflection Bay, well aware of the details of Plaintiff, Sharon Johnson's medical condition, continued to treat Mrs. Johnson as if she was not injured; they ignored her disability despite repeated notice of the same, an on occasion accused Sharon Johnson of being careless with her health and blamed her for not being able to perform work. Plaintiff requested an accommodation which entailed placing Plaintiff with additional help, as she was performing the job duties of two employees. Because of the above facts, Plaintiff believes she has been subjected to discrimination based on an actual disability and/or a perceived disability.

VI.

**AMERICANS WITH DISABILITY ACT AS AMENDED (ADAA) AND REHABILITATION ACT**

18. Plaintiff re-alleges and incorporates by reference all allegations set forth in all of the paragraphs of this complaint are hereby re-averred and realleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim. Defendant, Colonnades, intentionally engaged in unlawful employment practices involving Plaintiff because of her disability.

19. Defendant, Colonnades, intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 12112, as amended. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee.

20. At all material times, Plaintiff was able to perform the essential functions of her position with accommodation. Plaintiff has a disability, has a record of a disability and is regarded as having a disability which substantially limits at least one major life activity. Plaintiff was discriminated against on the basis of her disability, record of a disability and perception of having a disability.

21. Plaintiff alleges that Defendant, Colonnades, discriminated against Plaintiff on the basis of her disability. And in retaliation against her

for engaging in protected activity and with malice or with reckless indifference to the protected rights of Plaintiff.

## VII.

### INVASION OF PRIVACY BY TYSON FOODS, INC.

22. Defendant publicized facts regarding Plaintiff's private medical history which were not of legitimate public concern. The publicity was highly offensive to Plaintiff and would be highly offensive to a reasonable person. Plaintiff was injured as a result of the conduct of Defendant disclosing her private medical history, unrelated to her disability, to her co-workers. Plaintiff suffered damages for which Plaintiff herein sues.

## VIII.

### RETALIATION CLAIM

23. Plaintiff re-alleges and incorporates by reference all allegations set forth in all of the paragraphs of this complaint are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim. Plaintiff further shows as follows:

24. Defendants terminated plaintiff in retaliation for her opposition to the company's discriminatory practices. Therefore, defendants' conduct constituted an intentional, unlawful employment practice in violation of Title VII.

25. By reason of defendants' violation of 42 U.S.C.§§ 1981 and 1983 and Title VII, Plaintiff is entitled to back pay, front pay and other appropriate relief pursuant to Title VII. Reinstatement of plaintiff to her former employment with defendants is not feasible under the circumstances of this case.

26. Plaintiff is further entitled to recover compensatory damages for future reputational injuries, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses pursuant to Title VII.

27. Defendants engaged in such discriminatory practices with malice or with reckless indifference to plaintiff's rights. Accordingly, she is entitled to an award of punitive damages against defendants in an amount to be determined by the jury under Title VII.

28. Plaintiff is entitled to recover prejudgment interest in accordance with Texas law.

29. Plaintiff is entitled to recover reasonable attorney fees and costs pursuant to Title VII.

# IX.

# DAMAGES

30. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a.    Loss of Benefits;

    b.    Front Pay

    c.    Back pay from the date that Plaintiff was denied and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

    d.    All reasonable and necessary costs incurred in pursuit of this sui All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff t;

    e.    Emotional pain;

    f.    Expert fees as the Court deems appropriate;

    g.    Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

    h.    Inconvenience;

      i.      Interest;

      j.      Loss of enjoyment of life;

      k.      Mental anguish in the past;

      l.      Mental anguish in the future;

      m.      Reasonable medical care and expenses in the past. These expenses were incurred by Sharon Johnson and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

      n.      Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

      o.      Loss of earnings in the past;

      p.      Loss of earning capacity which will, in all probability, be incurred in the future;

      q.      Physical pain and suffering in the past; and

      r.      Physical pain and suffering in the future;

.

## EXEMPLARY DAMAGES

30.    Plaintiff would further show that the acts and omissions of

Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## SPECIFIC RELIEF

31. Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

    a.    Reinstatement of all benefits (including retirement benefits).

    b.    Neutral reference letter.


29. As a result of Defendant's conduct, Plaintiff seek relief pursuant to Title VII and American with Disability Act as Amended and for damages which includes, but is not limited to: (1) actual damages, back pay and front pay, loss wages, commissions and employee benefits (2) punitive damages as allowed by law, (3) costs, expert witness fees and attorney's fees; (4) pre-judgment and post-judgment interest as allowed by law; and (5) mental anguish reputational injuries, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other

nonpecuniary losses, such other relief, legal or equitable, as may be warranted or to which Plaintiff is entitled.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial hereof, that Plaintiff recover judgment awarding Sharon Johnson actual damages: front pay, back pay, loss benefits as sought herein, punitive damages, together with pre-judgment and post-judgment interest thereon at the maximum rate allowed by law, reasonable attorneys' fees and expenses incurred in the trial court and any and all appeals therefrom, and such other and further relief to which Plaintiff may be justly entitled.

Defendant's actions have caused her to suffer damages and lose: back pay, front pay, economic loss, compensatory damages, and mental anguish to Plaintiff. Defendant's actions towards Plaintiff were made with actual malice and deliberate indifference to her federally protected rights. Costs and attorney's fees may be awarded pursuant to 29 U.S. C. §216(b). Defendant's violations of the Title VII were willful violations. Sharon Johnson , prays that this Court enter judgment in her favor and against Defendant, Colonnades at Reflection Bay, Inc. An award to Plaintiff of such other and further relief as this Court deems equitable and just.

Respectfully submitted,

/s/ *Debra V. Jennings*
_____
Debra V. Jennings
Fed ID 14373
SBN:10631850
6140 HWY 6, # 269
Missouri City, Texas  77459
Telephone: (832) 230-4455
Facsimile:  (1832) 442-3700
Attorney for Plaintiff